**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

DOGS DESERVE BETTER, INC., *et al.*,

     Plaintiffs,

v.                                             Civil Action No. 3:14-cv-591

TRACY TERRY, *et al.*,

     Defendants.

## OPINION

This matter comes before the Court on the defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim. (Dk. No. 11.) Dogs Deserve Better, Inc. ("DDB"), and its founder and CEO, Tamira Thayne, filed suit against Tracy Terry (the animal control officer for Surry County, Virginia), the County, its Board of Supervisors, and several unnamed defendants, claiming constitutional and state law violations.

The plaintiffs bring eight claims against the defendants. Under 42 U.S.C. § 1983, Counts I and VI allege deprivations of the rights of DDB and Thayne, respectively, under the Fourth and Fourteenth Amendments. Counts II, III, IV, and V allege claims by DDB of state law conversion, trespass to chattels, and both common law and statutory conspiracy. Counts VII and VIII allege claims by Thayne of malicious prosecution and common law conspiracy.

The defendants do not contest at this stage of the proceedings Counts I, II, III, VI, and VII against Terry in her *personal* capacity, so the Court reaches no decision regarding them in this Opinion.

Surry County does not face liability as a matter of law for a § 1983 action under the facts of the Complaint, and the County enjoys sovereign immunity from state law tort claims arising

from the actions of its employees. Claims against the Board and Terry in her official capacity are duplicative of the claims against the County. Accordingly, the Court DISMISSES all counts against these defendants.

Claims against "John Doe" defendants are nullities. When the plaintiffs decide whom to sue, they may move to join new defendants. Given that the events in his case happened in 2012, any claims against "John Doe" are likely barred by the statute of limitations. *Lavender v. City of Roanoke Sheriff's Office*, 826 F. Supp. 2d 928, 936-37 (W.D. Va. 2011).

The plaintiffs have pled facts sufficient to state a claim for common law and statutory conspiracy. The Court, then, DENIES the defendants' motion to dismiss Counts IV, V, and VIII.

## I. STATEMENT OF FACTS[1]

Tamira Thayne founded DDB in 2002 to advocate against tethering dogs, and DDB moved into its current facility in Surry County after Michael Vick's infamous Bad Newz Kennels operation shut down. DDB now operates Vick's old property as the Good Newz Rehab Center, providing a place of healing for mistreated dogs. Thayne strongly criticized Surry County's response to Vick's dog-fighting operation as "anemic." (Dk. No. 1 ¶ 5.)

On August 27, 2012, officers arrested Thayne pursuant to a warrant for animal cruelty, a class 1 misdemeanor, issued a summons for lack of space for an animal, a class 4 misdemeanor, and executed a search warrant of the premises based on allegations of unsanitary conditions, the use of Tasers and mace, and inadequate veterinary care. Terry had applied for the warrants and

---

[1] "[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). In construing a motion to dismiss, a court must take as true the facts, though not the legal conclusions, alleged in a plaintiff's complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). A complaint should survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007).

summons based on information from DDB employees and volunteers. During the search, officers seized one of Thayne's dogs, Jada, a pit bull terrier that had lived at the Center since 2011, and placed it in the custody of Surry Animal Control. Media helicopters circled over the Center and reporters covered the scene during the course of the search.

At a hearing two weeks later, on September 11, 2012, a Surry County General District Court Judge found no evidence of cruelty or neglect of Jada and ordered her returned to the Center. After numerous hearings, the Surry prosecutor chose to *nolle prosequi* the cruelty and mistreatment charges against Thayne on March 5, 2013. Thayne claims that the accusations, arrest, search, seizure, and the attendant media coverage, caused her personal humiliation and professional harm. Donations to DDB dropped and speaking invitations decreased. The plaintiffs brought this action seeking compensatory and punitive damages, attorney's fees, and costs.

## II. DISCUSSION

### A. Local Government Defendants

DDB and Thayne name among the defendants in this suit Surry County, its Board of Supervisors, and Terry in her official capacity as the County's animal control officer. In order for "municipalities and other local government units" to face liability in a § 1983 action, a plaintiff must allege a constitutional violation caused by "a policy statement, ordinance, regulation, or decision officially adopted" or "pursuant to governmental 'custom' even though such a custom has not received formal approval." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018 (1978). A plaintiff may not assert liability against a municipality based solely upon the actions of its agent or employee on a theory of *respondeat superior*. *Id.* at 691; *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999).

3

The plaintiffs do not allege any facts sufficient to state a claim that the County or its Board deprived them of their constitutional rights through an official policy or custom. The Complaint describes in great detail the events of August 27, 2012, when Surry County police searched the premises of DDB, arrested Thayne, and seized the dog Jada. It includes the specific charges against Thayne and the items for which the search warrant permitted seizure. It notes the presence of helicopters at the scene of her arrest and the findings of the state court judge regarding Jada's healthy condition at the time of seizure. It fails to identify, however, any policy or custom adopted by the County or its Board which acted to deprive DDB or Thayne of their constitutional rights. For this reason, the plaintiffs' § 1983 claims against the County and the Board fail as a matter of law.

Similarly, the County and the Board enjoy sovereign immunity from the plaintiffs' state tort claims. "Years ago Virginia committed itself to the principle that counties were not liable for tortious personal injuries resulting from negligence of its officers, servants and employees." *Mann v. Cnty. Bd. of Arlington Cnty.*, 199 Va. 169, 174, 98 S.E.2d 515 (1957) (citing *Fry v. Albemarle Cnty.*, 86 Va. 195, 197, 9 S.E. 1004 (1889) ("The legislature . . . has given no remedy against a county for the negligence of a public officer or servant appointed by law.")). The same principle applies to "intentional torts committed by [a local government] employee." *Niese v. City of Alexandria*, 264 Va. 230, 239, 564 S.E.2d 127 (2002) (holding Alexandria immune from liability for a police officer's intentional tort). Because the County and the Board enjoy sovereign immunity from any torts, intentional or not, committed by their employees, neither entity faces potential liability under DDB's and Thayne's state tort claims.

The plaintiffs, moreover, name both Surry County and its Board of Supervisors as defendants. Under Virginia law, a county may be sued in its own name in relation to all matters

connected with its duties. Va. Code Ann. § 15.2-1404. The Complaint does not allege any facts that indicate an independent theory of liability against the Board. Because naming the Board as a defendant is duplicative, the Court dismisses the Board as a separate defendant.

For similar reasons, DDB's and Thayne's claims against Terry in her official capacity duplicate her claims against the County. "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099 (1985) (quoting *Monell*, 436 U.S. at 690 n.55). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166; *accord Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004) (holding that a § 1983 claim against a school superintendent in his official capacity is "essentially a claim against the [School] Board and thus should be dismissed as duplicative"). Accordingly, the Court dismisses the claims alleged against Terry in her official capacity as duplicative.

For these reasons, the Court DISMISSES the claims against Surry County, the Board of Supervisors, and Terry in her official capacity. The Court will now consider the plaintiffs' conspiracy claims against the remaining defendants: Terry in her personal capacity and five unnamed Doe defendants.

### B. Conspiracy Claims and Doe Defendants

DDB alleges common law and statutory conspiracy in Counts IV and V, and Thayne alleges common law conspiracy in Count VIII, against Terry and the Doe defendants. Having met the minimum pleading requirements, albeit by a narrow margin, these claims survive.

"A common law conspiracy consists of two or more persons combined to accomplish, by some concerted action, some criminal or unlawful purpose or some lawful purpose by a criminal

or unlawful means," *Commercial Bus. Sys., Inc. v. BellSouth Svcs., Inc.*, 249 Va. 39, 48, 453 S.E.2d 261 (1995) (citing *Hechler Chevrolet v. General Motors Corp.*, 230 Va. 396, 402, 337 S.E.2d 744 (1985)), resulting in damages to the plaintiff "caused by the acts committed in furtherance of the conspiracy," *Id.* (citing *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 28, 431 S.E.2d 277 (1993)). The Complaint satisfies each of these elements.

The plaintiffs state that Terry and one or more of the Doe defendants acted in concert to bring unfounded criminal accusations against her for the purpose of damaging her reputation as an animal rights advocate and DDB's reputation as a legitimate animal rehabilitation center. They allege that Thayne's vocal criticism of Surry County's and Terry's investigation and prosecution of Michael Vick provided the motivation for singling out Thayne and DDB for retaliation. The plaintiffs further allege that at least one conspirator notified the media to ensure that reporters and helicopters would cover the search of DDB and Thayne's arrest. This broad and dramatic exposure would maximize the negative impact on Thayne and DDB. The Complaint states that donations to DDB and speaking invitations for Thayne declined as a result of the media coverage. These allegations exceed the "mere conclusory language" that would justify dismissal of the claims at this stage. *Bowman v. State Bank of Keysville*, 229 Va. 534, 541, 331 S.E.2d 797 (1985).

Similarly, in order to state a claim for business conspiracy under Virginia Code § 18.2-499, a plaintiff must plead "(1) a combination of two or more persons for the purpose of willfully and maliciously injuring plaintiff in his business, and (2) resulting damage to plaintiff." *Field v. GMAC LLC*, 660 F. Supp. 2d 679, 688 (E.D. Va. 2008) (quoting *Allen Realty Corp. v. Holbert*, 227 Va. 441, 449, 318 S.E.2d 592 (1984) (internal quotation marks omitted)). To survive a motion to dismiss, "the factual allegations must plausibly suggest agreement, rather than being

merely consistent with agreement." *A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011). As with the common law conspiracy claim, the Complaint alleges that Terry and the Doe defendants acted in concert to harm the image of DDB in retaliation for Thayne's criticisms of the Vick prosecution. These facts sufficiently articulate a plausible claim of statutory conspiracy under § 18.2-499.

Every conspiracy requires two or more actors, and the plaintiffs claim the involvement of at least one of five Doe defendants.[2] Courts have recognized "the necessity for allowing John Doe suits," but for a claim against a Doe defendant to survive dismissal, "it must appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court." *Schiff v. Kennedy*, 691 F.2d 196, 198 (4th Cir. 1982); *see also Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (explaining that while it is generally impermissible to name an unidentified party as a defendant, "an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery"). The plaintiffs allege facts sufficient to allow reasonable discovery to proceed concerning the identity of these Doe defendants. Should discovery reveal the identity of any of these defendants, any claims against them will be subject to the relevant rules governing the joinder of parties. Any Doe defendant not identified after reasonable discovery will be dismissed from the action.

For these reasons, the Court DENIES the defendants' motion to dismiss the claims of common law and statutory conspiracy against Terry in her personal capacity and all claims against the Doe defendants.

---

[2] For the non-conspiracy counts, the plaintiffs allege violations by "the Defendants" or by "Terry and the other Defendants." (Dk. No. 1 ¶¶ 46, 51, 57, 74, 79.) The Court assumes that these counts include by implication the Doe defendants.

7

## III. CONCLUSION

Accordingly, the Court GRANTS the defendants' motion to dismiss all claims against Surry County, the Board of Supervisors, and Terry in her official capacity. The Court DENIES the motion to dismiss the common-law and statutory conspiracy claims of Counts IV, V, and VIII against Terry in her personal capacity and the Doe Defendants. The Court need not reach a decision regarding the uncontested Counts I, II, III, VI, and VII against Terry in her personal capacity and the Doe Defendants.

In summary, the following claims against Terry in her personal capacity and the Doe Defendants survive this motion to dismiss: the Fourth and Fourteenth Amendment claims of Counts I and VI; the conversion claim of Count II; the trespass to chattels claim of Count III; the common law conspiracy claims of Counts IV and VIII; the statutory conspiracy claim of Count V; and the malicious prosecution claim of Count VII.

The Court entered a corresponding Order on March 13, 2015. (Dk. No. 19.)

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: March 20, 2015
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge